UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                              )
                                                    )
    ARTHUR F. CHANG                        )    CASE NO.  13-31403(1)(11)
    LOAN LE CHANG                          )
                                                    )
        Debtor(s)                          )
_____)

## MEMORANDUM-OPINION

This matter is before the Court on the Fee Application of Counsel William C. Willock, Jr. ("Willock") for Debtors Arthur F. Chang and Loan Le Chang ("Debtors").  The Court considered the Application, the Response to the Application for Allowance of Compensation filed by Debtors' current counsel, as well as the record of this case.  For the following reasons, the Court will approve the Application in part and deny the Application in part.

## BACKGROUND FACTS

On April 2, 2013, Willock filed a skeletal Voluntary Petition on behalf of Debtors seeking relief under Chapter 11 of the United States Bankruptcy Code.  The Debtors' case is a small business case and Debtors were subject to requirements of 11 U.S.C. §1116.  The deadline for filing the Small Business Plan was September 30, 2013.

On April 30, 2013, the Court entered an Order approving the Debtors' Application to Employ Willock as attorney for the Debtors at an hourly rate of $175 per hour.

During the course of Willock's representation of the Debtors, Willock handled matters relating to the completion of Debtors' Schedules,  an Agreed Cash Collateral Order and defending and resolving a Motion for Stay Relief on Debtors' real estate.

On August 8, 2013, the United States Trustee moved to dismiss the case pursuant to 11 U.S.C. §1112(b)(2) due to Debtors' failure to file all of the monthly operating reports since the inception of the case and failure to pay U.S. Trustee's quarterly fees. The Court ordered Debtors' compliance by October 1, 2013.

On October 21, 2013, the Court, *sua sponte*, scheduled a hearing for Debtors to show cause why the case should not be dismissed due to Debtors' failure to timely file their Chapter 11 Small Business Plan. The hearing was scheduled for November 12, 2013.

On October 28, 2013, Willock filed his Application for Compensation seeking compensation in the amount of $13,335 for 76.20 hours worth of work on behalf of the Debtors.

On November 12, 2013, following the show cause hearing, the Court entered an Order giving Debtors until December 3, 2013 to retain new counsel. This Order was based on Willock's testimony at the hearing as to why the Small Business Plan had not been filed due to his personal difficulties arising from an accident suffered in August 2013 and an office move, all of which resulted in Willock's inability to competently meet deadlines and represent the Debtors in this matter.

On December 3, 2013, attorney Jan Morris ("Morris") filed his Notice of Appearance and an Application to be employed as counsel for the Debtors.

On January 10, 2014, Morris filed a Response to Willock's Application on behalf of the Debtors contending the fees requested by Willock are excessive considering his failure to timely draft and file a Plan.

## LEGAL ANALYSIS

Willock's Fee Application seeks an Order approving his fees in the amount of $13,335 for 76.20 hours of work performed for Debtors from April 2, 2013 until the Court required Debtors to retain a new attorney on October 25, 2013. Willock seeks compensation at the rate of $175 per hour as approved by the Court at the outset of the case when the Court approved his employment.

During his short tenure as attorney for the Debtors, Willock sought extensions of time to complete the schedules to the Petition and reports required by 11 U.S.C. §1116. Despite acquiring the extension, the U.S. Trustee moved to dismiss the case in August due to Willock's failure to timely compile and file monthly operating reports on behalf of the Debtors. Willock also failed to timely prepare and file the Small Business Plan on behalf of Debtors which required the Court to set the matter for a show cause hearing. While the Court sympathizes with Mr. Willock's physical hardships resulting from an accident, the Court must ensure that Debtors' case is being properly handled and in compliance with the Bankruptcy Code requirements for small business bankruptcies.

Counsel's fees and employment are governed by 11 U.S.C. §327 and §330. In determining reasonable compensation under Section 330, courts apply the lodestar analysis utilized under the Federal Fee shifting statutes. *See In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1993); *In re Atwell*, 148 B.R. 483, 488 (Bankr. W.D. 1993). The lodestar analysis considers a reasonable fee to be the product of the reasonable hourly rate and the number of hours reasonably expended. *Id.*

In analyzing the fee request under Section 330, the Court must conduct the lodestar analysis on the reasonableness of the hours expended and hourly rate. In the case at bar, Willock's employment was approved at $175 per hour. The Court considered Willock's years of experience in bankruptcy practice, as well as the prevailing rate paid to lawyers on similar cases and possessing

similar experience in this locale. In hindsight, however, the Court cannot award Willock his entire fee requested. While the time spent is supported by Willock's time records submitted with the Application, the Court finds the requested fee excessive in light of the matters Willock failed to perform on behalf of the Debtors, particularly the failure to timely file operating reports and more importantly, a small business plan. This required the Court to order the Debtors to obtain new counsel to perform tasks Willock should have timely accomplished.

Accordingly, rather than reduce the time allotted for the work performed, the Court finds it more equitable to reduce Willock's hourly rate from $175 to $125 per hour. Willock performed 76.20 hours of work on behalf of the Debtors. This time included preparation of Schedules, negotiating the Cash Collateral Order and an agreement regarding stay termination on Debtors' real estate. Willock is entitled to a fee of $9,525 representing $125 per hour for 76.20 hours worth of work.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** Willock's Fee Application in part and **DENY** the Application in part. An Order awarding William Willock, Jr. an attorney's fee of $9,525 accompanies this Memorandum Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  February 26, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
   ARTHUR F. CHANG ) CASE NO. 13-31403(1)(11)
   LOAN LE CHANG )
)
            Debtor(s) )
_____)

## ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that William C. Willock, Jr. is awarded reasonable compensation in the amount of $9,525 for work performed on behalf of the Debtors from April 2, 2013 through October 28, 2013. This award is based on the nature, the extent and value of the services performed, the time spent on such services and the cost of comparable services.

**IT IS FURTHER ORDERED AND ADJUDGED** by the Court that the aforementioned award represents an administrative expense of the estate.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 26, 2014